**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

LUIS DAVID HERNANDEZ RIOS

    Petitioner

    v.    **CIVIL NO. 04-2231 (HL)**

UNITED STATES OF AMERICA

    Respondent

## REPORT AND RECOMMENDATION

Before the Court is petitioner's Section 2255 motion (Docket Nos. 1 and 5), as supplemented by his court-appointed counsel (Docket No. 14). The Government, in turn, has duly responded to the same (Docket Nos. 8 and 19).

Three issues are raised therein. First, petitioner contends that counsel failed to file an appeal despite such a request, or to even consult with him about this matter. Second, he claims that counsel was ineffective in failing to argue at sentencing (or on appeal) that the Government breached the plea agreement. Finally, he raises an Apprendi-Blakely error. The Court shall address these arguments *seriatim*.

**Failure to File an Appeal**

The Court held an evidentiary hearing on this issue on February 27, 2006. Petitioner testified on his own behalf. Also, former counsel, John Ward Llambías, was called by the Court and was questioned by counsel.

Petitioner testified that prior to entering his plea, attorney Ward told him he would be sentenced to sixty (60) months. However, he was in fact sentenced to seventy two (72) months. As he was being cuffed by the U.S. Marshals to leave the courtroom he told Ward Llambías that he wanted to appeal his sentence. Counsel failed to take any action. Ward Llambías, on the other hand, testified that petitioner did not instruct him to file an appeal immediately following his sentence on June 4, 2003. Instead, via a subsequent letter (Exhibit 2) sent to counsel after the ten day period to appeal had elapsed, petitioner asked counsel to file an appeal.

**CIVIL NO. 04-2231 (HL)** 2

Upon considering the testimony of petitioner and his counsel, as well as the totality of the evidence before it, the Court finds that petitioner has not proven by a preponderance of the evidence that he instructed counsel to file an appeal on his behalf. The Court finds Ward Llambías' testimony to be entirely credible. Contrariwise, it finds petitioner's testimony to be dubious. A reading of his letter to counsel asking for him to file an appeal reveals the following. First, petitioner states he is very grateful for counsel's representation. Second, he requests that an appeal be filed so that two additional points for (lack of) supervisory role be taken away from his sentence — a matter not contemplated in the plea agreement (Exhibit 1), nor raised at sentencing. Given this, the Court does not, as a factual matter, give merit to petitioner's claim. Here, counsel did not fail to appeal after being required to do so. See Peguero v. United States, 526 U.S. 23, 28 (1999).

Alternatively, petitioner suggests that counsel had a constitutionally imposed duty to consult with him about filing an appeal. See Roe v. Flores Ortega, 528 U.S. 470 (2000). Again, the evidence before the Court is to the contrary. Petitioner received the minimum guideline sentence provided for in his plea agreement, absent a safety valve debriefing, to wit, seventy two months. More so, at the evidentiary hearing, attorney Ward Llambías specifically testified that petitioner "was not willing to be safety-valved". As stated earlier, the Court gives Ward Llambías' testimony full credibility. In sum, there was no reason for counsel, within the time to file an appeal, to reasonably believe that petitioner would want to appeal. See Roe at 471.

**Breach of the Plea Agreement**

Petitioner claims that the Government breached the plea agreement in not attempting to debrief him so as for him to obtain the benefit of the safety valve, and thus, receive a lower sentence. Within the Section 2255 context, he contends counsel was ineffective in failing to raise this matter. This argument also fails. Under Strickland v. Washington, 466 U.S. 668, 687 (1984) petitioner must show that (1) counsel's actions fell below an objective standard of reasonableness and, (2) he was prejudiced to the effect that the result of the proceedings would have been different. Assuming, *arguendo*, that the first Strickland prong is met, petitioner has failed to make a showing of prejudice. Prior to appearing before Judge Laffitte for sentencing, petitioner had not complied with the safety

CIVIL NO. 04-2231 (HL)                              3

valve's requirements. More so, petitioner does not contend otherwise that he was in fact willing, ready and able to submit himself to be "safety-valved" prior to sentence.[1]

**Apprendi-Blakely Error**

Simply put, this claim fails. Petitioner was not sentenced above any statutory maximum term of imprisonment in violation of Apprendi. More so, because the Sentencing Guidelines are advisory, no Blakely error was likewise committed.

**WHEREFORE**, based on the aforementioned reasons, petitioner's Section 2255 motion must be **DENIED** and **DISMISSED**.

Under the provisions of 28 U.S.C. § 636 and Local Rule 72(d), District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111(1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).

**SO RECOMMENDED.**

In San Juan, Puerto Rico, this 28th day of February, 2006.

*S/Gustavo A. Gelpi*

**GUSTAVO A. GELPI**
United States Magistrate-Judge

---

[1] More so, as stated earlier, attorney Ward Llambías testified that petitioner refused to be "safety-valved". Neither in his memoranda nor at the evidentiary hearing did petitioner even imply otherwise.

**CIVIL NO. 04-2231 (HL)**　　　　　　　　4